# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BLUJAY STUDIOS, INC.

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A HERETO,

      Defendants.

Case No. 24-cv-12987

Judge Rebecca R. Pallmeyer

Magistrate Judge Young B. Kim

## CONSENT JUDGMENT

This action having been commenced by BLUJAY STUDIOS, INC. ("Plaintiff" or "BLUJAY") against Defendant Nos. 58 "Guangzhouhanliumaoyi" and 69 "Loxiasnama" ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have used infringing and counterfeit versions of the APHMAU/MEEMEOW Trademarks (collectively, the "APHMAU/MEEMEOW Trademarks") to residents of Illinois. The APHMAU/MEEMEOW Trademarks are

included in the below chart.

| REGISTRATION NUMBER | TITLE OF WORK | CLASS |
|---|---|---|
| 5,218,454 | APHMAU | 21 |
| 5,218,455 | APHMAU | 18 |
| 5,218,456 | APHMAU | 16 |
| 5,218,574 | APHMAU | 16 |
| 5,249,486 | APHMAU | 25 |
| 5,372,860 | APHMAU | 9 |
| 5,372,861 | APHMAU | 9 |
| 5,413,872 | APHMAU | 28 |
| 5,502,747 | PHOENIX DROP HIGH | 25 |
| 6,996,183 | MEEMEOWS | 25 |
| 6,996,185 | MEEMEOWS | 28 |
| 7,042,178 | APHMAU | 25 |
| 7,042,897 | APHMAU | 28 |
| 7,083,727 | MEEMEOWS | 16 |
| 7,250,313 | MEEMEOWS | 21 |
| 7,250,442 | APHMAU | 21 |

THIS COURT FURTHER FINDS that Defendants are liable for willful trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)) and violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1, et seq.).

IT IS HEREBY ORDERED that:

1.   Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

a.   using the APHMAU/MEEMEOW Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that are not genuine BLUJAY Products or not authorized by Plaintiff to be sold in connection with the APHMAU/MEEMEOW

Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BLUJAY Products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the APHMAU/MEEMEOW Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized BLUJAY Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the APHMAU/MEEMEOW Trademarks; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the APHMAU/MEEMEOW Trademarks.

2. Pursuant to the parties' settlement agreement, Defendants shall pay Plaintiff four thousand dollars ($4,000) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendants' account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendants' e-

commerce stores and financial account pursuant to the Temporary Restraining

Order. [ECF 27].

5.     This case is dismissed with leave to reinstate within ninety (90) days, at such time,

absent a motion to reinstate, shall automatically convert to a dismissal with

prejudice.

6.     Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: February 18, 2025

_____
Rebecca R. Pallmeyer
United States District Judge