UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Blujay Studios, Inc., *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendant*. | CASE NO. 1:24-cv-12987 Judge: Honorable Rebecca R. Pallmeyer Magistrate Judge: Honorable Young B. Kim |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(2)**

Defendants LINGNA Co.Ltd, GUOJIJUYE Co.Ltd, BAIJIE Co.Ltd, (collectively, "Defendants"), by and through their counsel, file this Reply to Plaintiff's Response to Defendants' Motion to Dismiss. [Dkt. No. 49].

### I. INTRODUCTION

Plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction, which it has not met in the present case. Simply alleging that Defendants' online products are available to be shipped to Illinois, or that Defendants operate an interactive website, does not suffice to establish personal jurisdiction. Plaintiff has failed to present any affirmative evidence to show that Defendants have purposefully availed themselves of the privilege of doing business in Illinois.

Instead of providing affirmative evidence to meet its burden under Rule 12(b)(2), Plaintiff offers only declaration and screenshots [Dkt. No. 49-1, 49-3] showing that Defendants' products "could" be shipped to Illinois. The declaration and the screenshots, however, are insufficient to demonstrate an actual transaction or purposeful targeting of Illinois.

1

Defendants, on the other hand, have submitted sworn declarations stating that they do not maintain offices, employees, or agents in Illinois, have never shipped the accused products to Illinois, and conduct their business entirely in China. [Dkt. No. 37-1, 37-2, 37-3]. Given the absence of any rebuttal to these factual assertions, Plaintiff has failed to meet its evidentiary burden under Rule 12(b)(2).

## II.     II. ARGUMENTS

A.   Plaintiff's burden under rule 12(b)(2)

"The plaintiff bears the burden of establishing personal jurisdiction." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) (citing *Purdue Res. Found. v. Sanofi—Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction.")).

"Once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must *go beyond the pleadings and submit affirmative evidence* supporting the exercise of jurisdiction." *Purdue Research*, 338 F.3d at 782. Otherwise, courts will "accept as true any facts in the defendants' affidavits that *do not conflict* with anything in the record." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020).

In this case, Defendants have submitted sworn declarations stating that they have no offices, employees, or agents in Illinois and have never shipped the accused products to Illinois. Plaintiff has failed to offer any specific, affirmative evidence contradicting these facts.

Further, Plaintiff's Group Exhibit C [Dkt. No. 49-3] only demonstrates that the products could be shipped to Illinois; it does not show that a purchase order was placed or that an actual transaction occurred.

2

Therefore, without evidence of a completed sale or purchase, Plaintiff has failed to meet its burden of establishing a *prima facie* personal jurisdiction over Defendants.

B. <u>Merely displaying products online that can be shipped to illinois is insufficient to establish personal jurisdiction</u>

The Seventh Circuit has made clear that the mere "having an interactive website" does not subject a defendant to jurisdiction wherever the website can be viewed or accessed. See *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).

"Displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction." *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *7 (N.D. Ill. Mar. 4, 2021) (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.")).

Plaintiff's reliance on *Pit Viper, LLC, v. Xi'an Jiaye Tengda Trading Co., Ltd., d.b.a. Bytebyte,* 23-cv-14761 (Ellis, J. Dec. 9, 2024) and *TV Tokyo Corp. v. The Partnerships,* 24-cv-8964 (Jenkins, J., February 12, 2025) is misplaced because those cases involved situations where a purchase order was placed (even later canceled) through defendants' online stores, which allowed for a *prima facie* showing of personal jurisdiction.

However, as Judge Jenkins noted in *Jun Fang. v. The Partnerships, 24-cv-8963* (Jenkins, J. February 4, 2025), when a "Plaintiff does not meaningfully dispute these assertions for lack of personal jurisdiction," the burden of providing a *prima facie* case of personal jurisdiction has not been satisfied. Consequently, without evidence of a completed sale or purchase, Plaintiff here has failed to meet its burden of demonstrating a *prima facie* personal jurisdiction over Defendants.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint against them.

| | |
|---|---|
| Date: 3/3/2025 | /s/ He Cheng |
| | He Cheng, |
| | Palmer Law Group, P.A. |
| | 401 E Las Olas Blvd, Suite 1400 |
| | Fort Lauderdale, FL 33301 |
| | rcheng@palmerlawgroup.com |
| | Tel: +1 (917) 525-1495 |
| | ***Attorney for Defendants*** |