IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUJAY STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 24-cv-12987 <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge Young B. Kim |

**FINAL JUDGMENT ORDER**

This action having been commenced by BLUJAY STUDIOS, INC. ("BLUJAY" or "Plaintiff") against the defendants identified in the attached Amended Schedule A and using the Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified in Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, the "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

With the exception of Defendant Nos. 8 "JIU YUE TIAN", 16 "WEI KUN" and 18 "WEN SHAUNG" which filed an Answer on February 5, 2025, [Dkt. No. 35], none of the remaining Defaulting Defendants having answered the Complaint or appeared in any way and the time for answering the Complaint having expired; so that the allegations of the Complaint are uncontroverted and are deemed admitted;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of APHMAU/MEEMEOW Trademarks which are protected by U.S. Trademark Registration Nos. 5,218,454; 5,218,455; 5,218,456; 5,218,574; 5,249,486; 5,372,860; 5,372,861; 5,413,872; 5,502,747; 6,996,183; 6,996,185; 7,042,178; 7,042,897; 7,083,727; 7,250,313; and 7,250,442 (collectively, the "APHMAU/MEEMEOW Trademarks").

In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the APHMAU/MEEMEOW Trademarks. *See* [Dkt. Nos. 14-17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the APHMAU/MEEMEOW Trademarks.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), common law trademark infringement, false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the APHMAU/MEEMEOW Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BLUJAY Product or is not authorized by Plaintiff to be sold in connection with the APHMAU/MEEMEOW Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BLUJAY Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the APHMAU/MEEMEOW Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

3

      d.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the APHMAU/MEEMEOW Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

      e.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

      f.    operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the APHMAU/MEEMEOW Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine BLUJAY Product or is not authorized by Plaintiff to be sold in connection with the APHMAU/MEEMEOW Trademarks.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting

Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon"), Walmart.com, Inc. ("Walmart" and Payoneer (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the APHMAU/MEEMEOW Trademarks; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the APHMAU/MEEMEOW Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine BLUJAY product or not authorized by Plaintiff to be sold in connection with the APHMAU/MEEMEOW Trademarks.

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the APHMAU/MEEMEOW Trademarks.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one-hundred thousand dollars ($100,000) for willful use of APHMAU/MEEMEOW Trademarks on counterfeit products sold through the Defendant Internet Stores.

6. Amazon shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. All monies currently restrained in Defaulting Defendants' financial accounts held by Amazon, are hereby released to Plaintiff as partial payment of the above-identified damages, and Amazon is ordered to release to Plaintiff the amounts from Defaulting Defendants Amazon accounts within ten (10) business days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon if any new Amazon accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon shall within five (5) business days:

   a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon accounts;

   b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c   Release all monies restrained in Defaulting Defendants' Amazon accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. Walmart and Payoneer shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

10. All monies currently restrained in Defaulting Defendants' financial accounts held by Walmart and Payoneer are hereby released to Plaintiff as partial payment of the above-identified damages, and Walmart and Payoneer is ordered to release to Plaintiff the amounts from Defaulting Defendants Walmart and Payoneer accounts within ten (10) business days of receipt of this Order.

11. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Walmart and Payoneer if any new Walmart and Payoneer accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Walmart and Payoneer shall within five (5) business days:

   a  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Walmart and Payoneer accounts;

   b  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c  Release all monies restrained in Defaulting Defendants' Walmart and Payoneer accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

12. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

13. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting

7

Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Deborah Stout and any e-mail addresses provided for Defaulting Defendants by third parties.

14. The ten-thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602. This is a Final Judgment.

Dated: March 17, 2025

_____
The Honorable Rebecca R. Pallmeyer
United States District Judge

### AMENDED SCHEDULE A

| No. | Defendant Name / Alias |
|---|---|
| 1 | ART Co.Ltd |
| 2 | ChenSongYin |
| 3 | ChunBaoWireless |

| | |
|---|---|
| 4 | Feiyu Hdwl Co.Ltd |
| 5 | GHYBBAA |
| 6 | Guo grand Toys |
| 7 | Happy-Buy Store |
| 9 | KEHTU |
| 11 | MASDKGNA |
| 12 | Meboyz US |
| 13 | RSRZRCJ Boutique |
| 14 | SEAYI Christmas Co.Ltd |
| 19 | xuzhilihu |
| 20 | YingKongJie |
| 22 | Cheng Xiaoo |
| 23 | CHUNXIAODIAN |
| 24 | DIYYART |
| 25 | ENMOON Direct-JS |
| 27 | henanjingzhizhuanggongchengyouxiangongsi |
| 28 | Jingjiangyu |
| 29 | KK Backdrop US |
| 30 | Ruanlili |
| 31 | Shaoshan Qige Stationery Business Department |
| 33 | tongshanxianzhenshifengdianzishangwuyouxiangongsi |
| 34 | Wenyong Shop |
| 37 | Yan Chenglongin |
| 38 | YouYong |
| 39 | ZhiJiangShiMoCanShangMaoYouXianGongSi |
| 44 | Bingdeshangmao |
| 45 | Chaojidiao |
| 47 | CHENWEIMING |
| 48 | chongi |
| 49 | CUPPSHENO |
| 53 | Enjoy trade |
| 54 | ETRKGFDFTY |
| 55 | FangCaoGe |
| 56 | foshanshixuandefashangmao |
| 62 | houxukaishangmaoyouxian |
| 63 | huizhoushihuajingshengkeji |
| 64 | huoqiuzebingwangluokeji |
| 65 | indecor |
| 66 | ixinjidianshe |
| 67 | KWOPSSA |
| 68 | LittlethingSTR |
| 70 | MtsDJSKF |
| 71 | niuzelilai |
| 72 | NJHYcx |

| 74 | PhoneCasestore |
|----|---|
| 75 | QHiuao |
| 76 | qikashangmao |
| 77 | SHANCHUANYUANLIN |
| 78 | Shenzhen Pingeyuan |
| 79 | shenzhenhuang |
| 81 | sichuanjinshunyangmenye |
| 83 | Swrtt |
| 84 | SZD Co.Ltd |
| 85 | Tomoaki |
| 86 | Value Selections |
| 89 | XiaoQiangWireless |
| 90 | Yaokun |
| 91 | YCT AUTO |
| 92 | yiqimaoyi |
| 94 | ZBH Luggage bag store |
| 95 | zhengleshangmao |
| 96 | zhengshengshangmao |
| 97 | ZhouWenJieWireless |
| 98 | zujiandianzishangwu |

10